**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**
**2022 MSPB 20**

Docket No. DE-3330-14-0097-I-1

**Gary K. Davis,**

**Appellant,**

**v.**

**Department of Defense,**

**Agency.**

July 8, 2022

Joanna Friedman, Esquire, Washington, D.C., for the appellant.

Rachael K. House, Esquire, Carson, California, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**OPINION AND ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for failure to state a claim upon which relief can be granted, and alternatively, denied his request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA).  For the reasons discussed below, we DENY the petition for review.  We MODIFY the initial decision to supplement the administrative judge's analysis and to clarify that the administrative judge should have denied corrective action, instead of dismissing the appeal for failure to state a claim upon which relief can be granted.  We AFFIRM the initial decision except as expressly modified herein.

BACKGROUND

¶2      The appellant began working for the Defense Contract Management Agency (DCMA) as a Safety and Occupational Health Specialist in January 2010, and he resigned for personal reasons in February 2013.  Initial Appeal File (IAF), Tab 8 at 23-24, Tab 18 at 76.  In June 2013, the appellant applied for the Safety and Occupational Health Specialist (Intern) position at the DCMA pursuant to vacancy announcement SWH813KS602704908202.  IAF, Tab 7 at 10-19.  The vacancy announcement stated that the position was an "acquisition position" and that the agency "uses the Expedited Hiring Authority to recruit and attract exceptional individuals into the Federal Workforce."  *Id.* at 10-11.  The appellant was placed on the certificate of eligibles, but the agency did not select him.  IAF, Tab 1 at 7-8, Tab 7 at 9.  The appellant filed a VEOA complaint with the Department of Labor (DOL), and DOL notified him that it did not find evidence that the agency violated his rights.  IAF, Tab 1 at 9-14.  The appellant subsequently filed this timely Board appeal and requested a hearing.  IAF, Tab 1.

¶3      The administrative judge found that the appellant exhausted his administrative remedies with DOL and made a nonfrivolous allegation that the agency violated his rights under a statute or regulation relating to veterans' preference.  IAF, Tab 9 at 2.  The parties had an opportunity to develop the record, IAF, Tabs 9-11, 18-19, 22, and the administrative judge issued an initial decision, IAF, Tab 25, Initial Decision (ID).  The administrative judge found that the appellant failed to state a claim upon which relief could be granted because the position was not subject to veterans' preference laws, owing to the agency's use of the expedited hiring authority found at 10 U.S.C. § 1705.  ID at 5-11.  Alternatively, he found that, even if veterans' preference laws were applicable to the position at issue, the appellant did not establish a genuine dispute of material fact regarding whether the agency violated his veterans' preference rights, and he denied the appellant's request for corrective action.  ID at 11-14.

¶4    The appellant has filed a petition for review and the agency has responded in opposition to the appellant's petition.    Petition for Review (PFR) File, Tabs 3, 5.

## ANALYSIS

We deny the appellant's request for corrective action because he did not prove by preponderant evidence that the agency violated a statute or regulation relating to veterans' preference.

¶5    Neither party challenges the administrative judge's conclusions that the appellant exhausted his administrative remedies with DOL, he made a nonfrivolous allegation that he was a preference eligible, and he nonfrivolously alleged that the agency violated a statute or regulation relating to veterans' preference.[1]    IAF, Tab 1 at 12-14, Tab 9 at 2, Tab 18 at 78.    We affirm those findings herein.    To be entitled to corrective action under VEOA, the appellant must prove by preponderant evidence, among other things, that the agency violated one or more of his statutory or regulatory veterans' preference rights in

---

[1] The Board and the U.S. Court of Appeals for the Federal Circuit have held that VEOA appeals have an additional jurisdictional element, i.e., a nonfrivolous allegation that the action at issue took place on or after the October 30, 1998 enactment date of VEOA. *E.g. Lazaro v. Department of Veterans Affairs*, 666 F.3d 1316, 1319 (Fed. Cir. 2012); *Gingery v. Office of Personnel Management*, 119 M.S.P.R. 43, ¶ 13 (2012).    Without purporting to overrule this case law, we observe that nearly 25 years have now passed since VEOA was enacted and that this jurisdictional issue will seldom, if ever, be dispositive in future cases.    We therefore find that, going forward, an accurate exposition of the VEOA jurisdictional elements may omit reference to the date that the action at issue took place.    The Board has similarly held that it lacks jurisdiction over individual right of action (IRA) appeals in which the contested personnel action occurred prior to the July 9, 1989 effective date of the Whistleblower Protection Act. *E.g.*, *Marshall v. Department of Veterans Affairs*, 44 M.S.P.R. 28, 32 (1990). Nevertheless, the Board generally does not list the date of the personnel action as a separate jurisdictional element for IRA appeals. *E.g.*, *Salerno v. Department of the Interior*, 123 M.S.P.R. 230, ¶ 5 (2016).    We find it appropriate to adopt the same practice in VEOA appeals.

its selection process.[2] *Boston v. Department of the Army*, 122 M.S.P.R. 577, ¶ 6 (2015).

¶6      Below, the appellant asserted that the agency violated 5 U.S.C. § 3309 by failing to add the required points for preference-eligible candidates, violated 5 U.S.C. § 3313 by failing to appropriately move 10-point preference eligibles to the top of the certificate, and violated 5 U.S.C. § 3318 by failing to make a selection from the top three preference-eligible veterans and by failing to notify him or the Office of Personnel Management (OPM) that he was being passed over for the selection.  IAF, Tab 18 at 16-18.  In the initial decision, the administrative judge considered the agency's assertion that the cited statutory provisions were inapplicable to the selection process because it filled the position using the expedited hiring authority at 10 U.S.C. § 1705(f).[3]  ID at 6 (citing IAF, Tab 7 at 6-8).[4]  The administrative judge found that the agency utilized the expedited

---

[2] In the initial decision, the administrative judge assumed for purposes of his analysis that the appellant held a 90% disability rating from the Department of Veterans Affairs and that he qualified as a 10-point preference eligible.  ID at 11.

[3] Although the administrative judge cited to 10 U.S.C. § 1705(g) and (h) in the initial decision, the National Defense Authorization Act for Fiscal Year 2018 (NDAA of 2018), Pub. L. No. 115-91, § 1051(a)(7), 131 Stat. 1283, 1560 (2017), subsequently redesignated these provisions as section 1705(f) and (g), respectively.  Because the changes are nonsubstantive, we have referred to the provisions at their current locations for the ease of the reader.  We also have reviewed other relevant legislation enacted during the pendency of this appeal and have concluded that it does not affect the outcome of the appeal.

[4] Because the administrative judge considered the agency's documentary submissions in the initial decision, ID at 6 (citing IAF, Tab 7 at 6-8), he should not have dismissed the appeal for failure to state a claim upon which relief can be granted, *Haasz v. Department of Veterans Affairs*, 108 M.S.P.R. 349, ¶ 8 (2008) (stating that dismissal for failure to state a claim is appropriate only if, taking the appellant's allegations as true and drawing all reasonable inferences in his favor, he cannot prevail as a matter of law); *Williamson v. U.S. Postal Service*, 106 M.S.P.R. 502, ¶ 9 n.* (2007).  We therefore modify the initial decision in this regard.  Because we find that the administrative judge erred in analyzing this matter under the failure to state a claim standard, we need not address the appellant's assertion on review that the administrative judge failed to draw

hiring authority, and therefore, the selection process at issue was not subject to the veterans' preference laws that the appellant claims the agency violated. ID at 6-11.

¶7    On review, the appellant reiterates his argument regarding how the agency violated 5 U.S.C. §§ 3309, 3313, and 3318. PFR File, Tab 3 at 30-32. He also generally challenges the administrative judge's analysis and findings. To resolve the issues raised on review, we must examine the circumstances surrounding the creation of the expedited hiring authority at 10 U.S.C. § 1705(f), determine whether the agency properly invoked the expedited hiring authority to fill the Safety and Occupational Health Specialist position, and if so, ascertain whether the agency's using this expedited hiring authority had an impact on the appellant's entitlement to veterans' preference during the selection process.

¶8    In 2003, Congress authorized creating an advisory panel "to review laws and regulations regarding the use of commercial practices, performance-based contracting, the performance of acquisition functions across agency lines of responsibility, and the use of Governmentwide contracts." National Defense Authorization Act for Fiscal Year 2004, Pub. L. No. 108-136, § 1423, 117 Stat. 1392, 1669 (2003). Subsequently, the panel issued a more than 400-page report, finding that the "existing federal acquisition workforce falls seriously short of the capacity needed to meet the demands that have been placed on it." *Report of the Acquisition Advisory Panel to the Office of Federal Procurement Policy and the U.S. Congress* (January 2007), at 372-73, https://www.acquisition.gov/sites/default/files/page_file_uploads/ACQUISITION-ADVISORY-PANEL-2007-Report_final.pdf. In that report, the panel recommended, among other things, that the Office of Federal Procurement Policy and agencies "need to identify and

---

reasonable inferences in his favor or otherwise misapplied the standard of failure to state a claim upon which relief can be granted. PFR File, Tab 3 at 19-25.

eliminate obstacles to speedy hiring of acquisition workforce personnel." *Id.* at 339.

¶9        Based in part on the panel's findings and recommendations, Congress created the Department of Defense (DOD) Acquisition Workforce Development Fund in 2008 "to provide funds, in addition to other funds that may be available, for the recruitment, training, and retention of acquisition personnel" and "to ensure that the [DOD] acquisition workforce has the capacity, in both personnel and skills, needed to properly perform its mission, provide appropriate oversight of contractor performance, and ensure that [DOD] receives the best value for the expenditure of public resources." National Defense Authorization Act for Fiscal Year 2008, Pub. L. No. 110-181, § 852, 122 Stat. 3 (2008) (codified at 10 U.S.C. § 1705(a)-(b)); *see* 153 Cong. Rec. S12365-67 (daily ed. Oct. 1, 2007) (statement of Sen. Levin). Congress subsequently amended 10 U.S.C. § 1705 to add subsection (h), which created an expedited hiring authority to allow the Secretary of Defense to designate any category of acquisition positions within DOD as "shortage category positions" and to "recruit and appoint highly qualified persons directly to such designated positions." Duncan Hunter National Defense Authorization Act for Fiscal Year 2009, Pub. L. No. 110-417, § 833, 122 Stat. 4356 (2008).

¶10        The relevant version of the expedited hiring authority, found at 10 U.S.C. § 1705(f),[5] states that, for purposes of 5 U.S.C. § 3304 (and other statutes that are not implicated in this matter), the Secretary of Defense "may . . . designate any category of positions in the acquisition workforce as positions for which there exists a shortage of candidates or there is a critical hiring need" and "utilize the

---

[5] Subsection (h) of 10 U.S.C. § 1705 was later redesignated as section 1705(g) in the National Defense Authorization Act for Fiscal Year 2013, Pub. L. No. 112-239, § 803, 126 Stat. 1632, 1825 (2013), and then as subsection (f) by the NDAA of 2018, as indicated above.

authorities in such sections to recruit and appoint qualified persons directly to positions so designated." 10 U.S.C. § 1705(f)(1)-(2). In turn, 5 U.S.C. § 3304(a)(3) provides that the President may prescribe rules providing agencies with authority "without regard to the provisions of sections 3309 through 3318,"[6] to appoint candidates directly to positions for which "public notice has been given" and OPM has determined that there exists "a severe shortage of candidates" or that there is "a critical hiring need." Therefore, if properly invoked, the agency's use of the expedited hiring authority at 10 U.S.C. § 1705(f) would allow it to recruit and appoint individuals to categories of positions in the acquisition workforce that the Secretary of Defense has designated as having a shortage of candidates or a critical hiring need without regard to the veterans' preference rights and benefits identified in 5 U.S.C. §§ 3309 through 3318.[7]

¶11    The appellant contends on review that the agency did not give notice of its use of the expedited hiring authority found at 10 U.S.C. § 1705(f), nor did OPM make any of the requisite determinations pursuant to 5 U.S.C. § 3304(a)(3); therefore, he asserts that the agency could not have properly used the expedited hiring authority to fill the position at issue. PFR File, Tab 3 at 14-15. These arguments are not persuasive. The administrative judge found, and the appellant does not dispute, that the vacancy announcement for the Safety and Occupational Health Specialist position was publicly advertised and posted on USAJOBS. ID at 7-8; IAF, Tab 22 at 26-35. On review, the appellant references a DCMA webpage, which he included below, that provides public notice for expedited

[6] Sections 3309 through 3318 of title 5 concern examinations, registers, certifications, and selections of individuals in the competitive service and the additional benefits provided to preference eligibles competing for such positions.

[7] In its implementation procedures for the expedited hiring authority, the agency stated that it would "[m]ake employment offers to qualified candidates with veterans' preference whenever practicable." IAF, Tab 7 at 21. The certificate of eligibles reflects that the selectee was entitled to veterans' preference. IAF, Tab 7 at 9, Tab 19 at 23.

hiring authority for acquisition positions. PFR File, Tab 3 at 14-15 (citing IAF, Tab 22 at 13-15). The appellant contends that, because the webpage does not list the position at issue or the 0018 series, the agency did not intend to include the position at issue in its public notice. PFR File, Tab 3 at 14-15. The appellant's reference to a single DCMA webpage, which appears to have been updated in February 2014, IAF, Tab 22 at 15, after the relevant events in this matter, does not warrant a different outcome in this case. Instead, we find that the agency's posting the vacancy announcement for the Safety and Occupational Health Specialist position on USAJOBS, coupled with its announcing that it would use the expedited hiring authority to fill the position and designating the position as an acquisition position, IAF, Tab 22 at 26-35, constitutes sufficient public notice pursuant to 5 U.S.C. § 3304(a)(3). We modify the initial decision accordingly.

¶12    The administrative judge also addressed the absence of a determination by OPM that there was a shortage of candidates or a critical hiring need. In pertinent part, the administrative judge noted that he was not aware of, nor did the parties cite, any binding precedent that addressed the interaction of 10 U.S.C. § 1705 and 5 U.S.C. § 3304. ID at 8. The administrative judge further noted that the Board relies on precedent from the U.S. Supreme Court, which states that a court being confronted with statutes capable of coexistence has a duty to regard each as effective. ID at 8-9; *Isabella v. Department of State*, 109 M.S.P.R. 453, ¶ 12 (2008) (citing *Morton v. Mancari*, 417 U.S. 535, 551 (1974)). Applying this precedent, the administrative judge found that lacking an OPM determination in this regard was not dispositive because Congress specifically gave the Secretary of Defense, through 10 U.S.C. § 1705, direct authority to make determinations about the agency's acquisition workforce. ID at 9. We supplement the administrative judge's analysis because the statutory provision at 5 U.S.C. § 3304(a)(3) became effective several years before the expedited hiring authority at 10 U.S.C. § 1705(f) was created. *See Dean v. Department of Agriculture*, 104 M.S.P.R. 1, ¶ 15 n.4 (2006). Congress is presumed to be knowledgeable

about existing laws pertinent to the legislation it enacts. *Special Counsel v. Mahnke*, 54 M.S.P.R. 13, 17 n.5 (1992); *Allen v. U.S. Postal Service*, 2 M.S.P.R. 420, 431 (1980). Accordingly, we presume that when Congress enacted 10 U.S.C. § 1705(f), it was aware of 5 U.S.C. § 3304(a)(3) and intended to depart from its general requirements. Thus, we agree with the administrative judge that OPM need not determine if there exists a shortage of candidates or a critical hiring need before the Secretary of Defense can use the expedited hiring authority at 10 U.S.C. § 1705(f) to recruit and appoint qualified persons to fill certain positions in the acquisition workforce for which there exists a shortage of candidates or a critical hiring need.

¶13    We also have considered the appellant's assertion that the authority to designate acquisition workforce positions was not properly delegated and that the Safety and Occupational Health Specialist position at issue was not an "acquisition workforce" position. PFR File, Tab 3 at 15 & n.4, 31. The record reflects that the Secretary of Defense delegated the authority of the statute at 10 U.S.C. § 1705(f) to DOD Component Heads, Directors of the Defense Agencies, and Directors of the DOD Field Activities "with independent appointing authority for themselves and their serviced organizations," and the authority may be further redelegated. IAF, Tab 7 at 21. Moreover, the Director of the DCMA Contract Safety Group (Director) declared, under penalty of perjury, that guidance from the Defense Logistics Agency (DLA) in 1994 advised that Safety and Occupational Health Specialist positions were to be included in the acquisition workforce.[8] IAF, Tab 19 at 12, 19. He further declared there was a "critical hiring need and a shortage of qualified candidates" for the Safety and

---

[8] The Director in his declaration explained that the DCMA was part of the DLA prior to 2000. IAF, Tab 19 at 11-12, 19; *see O'Connor v. United States*, 308 F.3d 1233, 1236 n.1 (Fed. Cir. 2002) (noting that the DCMA was once part of the DLA). The appellant has not persuaded us that there was any error in the agency's reliance on this guidance.

Occupational Health position at issue because it required a specific set of skills with a background in aviation ground safety, munitions and explosives, and industrial safety, and those skills were difficult to find in Utah, the geographic area where the agency was filling the position. *Id.* at 12-13.

¶14 We also agree with the administrative judge that the position at issue was properly designated as an "acquisition workforce" position. The term "acquisition workforce" is defined in 10 U.S.C. § 1705(g) as, among other things, "[p]ersonnel in positions designated under section 1721 of this title as acquisition positions." The statute at 10 U.S.C. § 1721(b)(3) identifies several categories of acquisition-related positions, including in the areas of "[p]rocurement, including contracting." ID at 10-11. The Director declared that the position at issue was in the Contract Safety Group, the mission of which is to perform safety assessments and surveillance of defense contractors; that employees of the Group act as agents of the Administrative Contracting Officer and are responsible for ensuring that Government contractors comply with contractual requirements; and that the duties of contract administration surveillance fall within the acquisition category of "Production, Quality, and [Manufacturing (PQM)]." IAF, Tab 19 at 12. The agency's implementation procedures for the expedited hiring authority indicate that the PQM category was designated as a category of acquisition positions pursuant to 10 U.S.C. § 1721. IAF, Tab 7 at 22-23. Moreover, the position description for the Safety and Occupational Health position at issue and the job announcement both explicitly state that the position is an acquisition position. IAF, Tab 7 at 10-12, Tab 19 at 17.

¶15 Because we find that the authority to designate positions in the acquisition workforce was properly delegated, the Safety and Occupational Health position in question was in the "acquisition workforce," and the agency determined that there was a critical need and a shortage of candidates for the position, the agency properly utilized the expedited hiring authority found at 10 U.S.C. § 1705(f) to fill the vacancy. The agency's properly invoking the expedited hiring authority

means that the position in question was not subject to the veterans' preference statutes that the appellant claims were violated. Thus, we find that the appellant did not prove by preponderant evidence that the agency violated a statute or regulation related to veterans' preference.[9]

¶16     The Board may decide a VEOA appeal on the merits without a hearing if the record on a dispositive issue has been fully developed and the appellant had a full and fair opportunity to dispute the agency's evidence. *Williamson v. U.S. Postal Service*, 106 M.S.P.R. 502, ¶ 9 (2007); *see Haasz v. Department of Veterans Affairs*, 108 M.S.P.R. 349, ¶ 9 (2008) (explaining that the Board's regulations allow for dismissing a VEOA claim on the merits without a hearing). The record in this matter has been developed sufficiently, and the appellant has had an opportunity to present evidence and attempt to refute the agency's evidence. *E.g.*, IAF, Tabs 9, 12, 18-19, 22. We discern no error with the administrative judge's decision not to hold the requested hearing, and we deny the appellant's request for corrective action. *See, e.g.*, *Boston*, 122 M.S.P.R. 577, ¶¶ 8-9 (finding that title 5 veterans' preference laws did not apply to the Intelligence Specialist positions to which the appellant applied because the agency used the hiring authority under 10 U.S.C. § 1601); *see also* 5 C.F.R. § 1208.23(b) ("A hearing *may* be provided to the appellant once the Board's jurisdiction over the appeal is established and it has been determined that the appeal is timely.") (emphasis added).

The appellant's other claims of error do not warrant a different outcome.

¶17     We have considered the appellant's assertion that the administrative judge should not have dismissed the appeal without allowing the appellant to further

---

[9] Because we have found that the appellant did not meet his burden, we need not address the administrative judge's alternative finding, i.e., that the appellant did not establish a genuine dispute of material fact about whether the agency violated 5 U.S.C. §§ 3309, 3313, 3318, or the appellant's arguments on review concerning this finding. ID at 11-13; *e.g.*, PFR File, Tab 3 at 9-10, 30-33.

develop the record. PFR File, Tab 3 at 25-27. In particular, he asserts that the administrative judge improperly denied his motion to compel discovery regarding the top four candidates that were presented to the selecting official. *Id.* at 26. The record reflects, however, that the administrative judge denied without prejudice the motion to compel because it did not comport with the requirements of 5 C.F.R. § 1201.73(c). IAF, Tab 11. Also, although the administrative judge specifically advised the appellant of the deadline for refiling a motion to compel, he did not file a subsequent motion to compel. We agree with the administrative judge that the appellant's motion to compel did not comply with 5 C.F.R. § 1201.73(c), and thus, he properly denied without prejudice the motion. We have considered, but find unavailing, the appellant's assertion that the administrative judge did not sufficiently assist him or explain to him the shortcomings in his motion to compel. PFR File, Tab 3 at 26. Rather, the administrative judge's reference to 5 C.F.R. § 1201.73(c) provided the appellant with sufficient notice of the deficiencies in his motion.

¶18      Finally, the appellant asserts that he did not have a "full and fair" opportunity to dispute the agency's evidence. PFR File, Tab 3 at 26-29. He argues that, if given the opportunity to rebut this evidence, he could have demonstrated that the position at issue was subject to veterans' preference laws. *Id.* at 29. We disagree. The record reflects that the appellant was given an opportunity to respond to the agency's brief, and he did so. IAF, Tab 12 at 1, Tab 22. Moreover, we have considered his arguments regarding, among other things, the agency's withdrawing the job offer to the selectee in March 2014, the agency's decision to issue a vacancy announcement in April 2014, for a Safety and Occupational Health Specialist position (which the appellant alleges was "virtually identical" to the 2013 announcement), and the fact that the selecting official for the 2014 vacancy announcement indicated that the appellant requested that his application be withdrawn from further consideration, when he did not make such a request. PFR File, Tab 3 at 13, 16-17, 28-29. The events that

occurred after the nonselection do not warrant a different outcome because they do not change our analysis of the interplay between 10 U.S.C. § 1705(f) and 5 U.S.C. § 3304(a)(3), our findings, or our conclusion that the appellant did not meet his burden to prove by preponderant evidence that the agency violated a statute or regulation relating to veterans' preference when it did not select him for the Safety and Occupational Health Specialist position in 2013.[10]

## ORDER

¶19     This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

## NOTICE OF APPEAL RIGHTS[11]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[10] To the extent that the appellant is challenging the nonselection for the position described in the 2014 vacancy announcement, there is no evidence that he exhausted his administrative remedy with DOL regarding this claim, and we do not consider it herein.

[11] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[12]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[12] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:


/s/
_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.