**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

KARLA M. KORNEGAY,
               Appellant,

      v.

DEPARTMENT OF DEFENSE,
               Agency.

DOCKET NUMBER
DC-4324-20-0454-I-1

DATE: July 2, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Karla M. Kornegay, Waldorf, Maryland, pro se.

Heather Herbert, Esquire, and Jack W. Rickert, Esquire, Springfield, Virginia, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal from her placement in an absent without leave (AWOL) status. For the reasons discussed below, we GRANT the appellant's petition for review. We AFFIRM the administrative judge's decision

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

to dismiss the appellant's Uniformed Services Employment and Reemployment Rights Act of 1994 (USERRA) claim for lack of jurisdiction.  We MODIFY the initial decision to find that the Board also lacks jurisdiction over any claims brought by the appellant under the Whistleblower Protection Act (WPA).  We REMAND the case to the Washington Regional Office for further adjudication of the appellant's potential claims under 5 U.S.C. chapter 75 and the Veterans Employment Opportunities Act of 1998 (VEOA), in accordance with this Remand Order.

## BACKGROUND

The appellant is a preference-eligible veteran who was appointed to an excepted-service position with the agency's National Geospatial-Intelligence Agency (NGA) on April 28, 2019.  Initial Appeal File (IAF), Tab 1 at 1, 5, 9.  On March 10, 2020, the appellant informed the agency that she would be unable to report for work because of her own ongoing health issues and the cancelation of classes at the university her daughter was attending "due to the Coronavirus issue."  *Id.* at 7, 10, 13-16.  She requested that she be placed in a leave without pay (LWOP) status.  *Id*. at 13-16.  In its response, the agency indicated that the appellant would be placed in an AWOL status beginning on March 11, 2020.  *Id*. at 14.

This appeal followed on March 12, 2020.  IAF, Tab 1.  Although the appellant did not identify the nature of the action she was appealing, she provided evidence reflecting the above facts and made references to USERRA.  *Id*.

The administrative judge informed the appellant of her burden of establishing the Board's jurisdiction under USERRA and ordered her to file a statement on jurisdiction.  IAF, Tab 3.  The appellant argued that the agency violated USERRA and other laws when it refused to grant her LWOP for medical

treatment and recuperation, and refused to reinstate her after she recovered sufficiently to return to work.[2]  IAF, Tab 9 at 3.

In his initial decision, the administrative judge dismissed the appeal for lack of jurisdiction.  IAF, Tab 29, Initial Decision (ID) at 5-8.  He found that the Board has no authority to consider a USERRA complaint filed against the NGA and that, in any event, the appellant's assertions of USERRA violations were too vague to support a finding that she was entitled to relief or protection under USERRA.  ID at 5-7.  He alternatively determined that the appellant failed to respond to his jurisdictional order to indicate whether she elected to file a USERRA complaint with the Department of Labor (DOL) and exhausted any such claim.  ID at 7.  He concluded that, absent an otherwise appealable action, the Board has no jurisdiction to consider the appellant's allegations that the agency violated her rights under Executive Order (EO) 5396, discriminated against her in violation of Title VII, or retaliated against her for her equal employment opportunity activity.  ID at 7 n.5.

The appellant has filed a petition for review, reiterating that she was placed in an AWOL status after requesting LWOP, and averring that the administrative judge should have considered whether she was protected by other laws and authorities in addition to USERRA.  Petition for Review (PFR) File, Tab 1.  The agency has not filed a response.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The administrative judge properly determined that the Board lacks jurisdiction over the appellant's USERRA claim.</u>

The Board's jurisdiction over USERRA cases is based on 38 U.S.C. § 4324(b) and (c).  *Erlendson v. Department of Justice*, 121 M.S.P.R. 441, ¶ 5 (2014).  Section 4324(b) provides, in relevant part, that "[a] person may submit a [USERRA] complaint against a Federal executive agency . . . directly to the Merit

---

[2] Other than the appellant's assertion that the agency has refused to "reinstate" her, the record does not reflect whether the appellant remains in a leave status, has since returned to work, or has separated from the agency.

Systems Protection Board" provided that she did not first file a USERRA complaint with the Secretary of Labor. 38 U.S.C. § 4324(b)(1); *Erlendson*, 121 M.S.P.R. 441, ¶ 5. For purposes of the statute, the term "Federal executive agency" is defined, in relevant part, as "any Executive agency (as that term is defined in section 105 of title 5) other than an agency referred to in § 2302(a)(2)(C)(ii) of title 5." 38 U.S.C. § 4303(5); *see* 5 C.F.R. § 353.102(2) (similarly defining the term "executive agency" for purposes of the Office of Personnel Management's regulations implementing USERRA provisions concerning restoration rights). The NGA is among the agencies specifically listed in 5 U.S.C. § 2302(a)(2)(C)(ii), and is thus excluded from the definition of "Federal executive agency" for purposes of filing a USERRA appeal with the Board under 38 U.S.C. § 4324(b) and (c). Accordingly, the Board lacks jurisdiction to hear a USERRA complaint brought against the NGA. *See Erlendson*, 121 M.S.P.R. 441, ¶ 6 (finding that the Board lacks jurisdiction to hear a USERRA complaint brought against the Federal Bureau of Investigation, another agency listed in subsection 2302(a)(2)(C)(ii)).

On review, the appellant reasserts USERRA as a possible basis for Board jurisdiction over her appeal, but she does not specifically contest the administrative judge's analysis.[3] PFR File, Tab 1 at 10. For the reasons stated above, we affirm the administrative judge's finding.

Additionally, in a USERRA appeal, if an appellant first files a USERRA complaint with the Secretary of Labor under 38 U.S.C. 4322(a), she may not file a USERRA appeal with the Board until the Secretary notifies the appellant that he was unable to resolve the complaint. *Gossage v. Department of Labor*, 118 M.S.P.R. 455, ¶ 8 (2012). The Board does not acquire jurisdiction over an

_____

[3] On review, the appellant also refers to the Vietnam Era Veterans' Readjustment Assistance Act of 1974 (VEVRAA). PFR File, Tab 1 at 5. The Board has the authority to decide a claim for a violation of VEVRAA, which is the predecessor statute to USERRA, based on events that pre-date USERRA's enactment. *Wible v. Department of the Army*, 120 M.S.P.R. 333, ¶ 12 (2013). Because the relevant events of this appeal post-date USERRA's enactment, VEVRAA is inapplicable.

appellant's USERRA claim until the appellant receives the required notification from the Secretary. 38 U.S.C. §§ 4322(e), 4324(b)(2); *Gossage*, 118 M.S.P.R. 455, ¶ 8. An appellant must prove exhaustion of this administrative remedy, if she elects to pursue it, by preponderant evidence. 5 C.F.R. § 1201.57(a)(3), (c)(1) (providing that, when exhaustion is preliminary to a Board appeal, an appellant has the burden of proving exhaustion by preponderant evidence). The administrative judge found that, because the appellant failed to comply with his order to state whether she had filed a USERRA complaint with DOL, he was "unable to determine whether the Board might be precluded from considering her USERRA claim at this time and her appeal must also be dismissed on this basis." ID at 7; IAF, Tab 3 at 4-5, 7. On review, the appellant states that she did not "reference anything from the [administrative judge] regarding addressing USERRA related issues to [DOL]." PFR File, Tab 1 at 14. Given the vagueness of the appellant's statement on review, and the lack of any other indication of whether she filed a USERRA complaint with DOL, we affirm the administrative judge's finding on this issue.

<u>We supplement the initial decision to address the appellant's potential claims under the WPA and other authorities.</u>

*The Board lacks jurisdiction over this appeal under the WPA.*

Below and on review, the appellant asserted that the agency's Deputy Inspector General failed to assist her after she raised concerns about her situation. IAF, Tab 18 at 10; PFR File, Tab 1 at 14. To the extent that the appellant was attempting to assert Board jurisdiction over an individual right of action (IRA) appeal under the WPA, the administrative judge did not address her claim. *See Burgess v. Merit Systems Protection Board*, 758 F.2d 641, 643-44 (Fed. Cir. 1985) (holding that an appellant must receive explicit information on what is required to establish an appealable jurisdictional issue).

Nevertheless, even assuming that the administrative judge should have notified the appellant of her jurisdictional burden in an IRA appeal, we find that

the appellant's substantive rights were not prejudiced. *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981). The record clearly shows that the Board would lack jurisdiction over such a claim. *See Hudson v. Office of Personnel Management*, 114 M.S.P.R. 669, ¶ 11 (2010). Specifically, for purposes of an IRA appeal, an appealable "personnel action" is limited to certain actions taken "with respect to an employee in . . . a covered position in an agency." 5 U.S.C. § 2302(a)(2). The NGA is specifically excluded from the term "agency" as it is used in that section, and for that reason, the Board would lack jurisdiction over any IRA appeal filed by the appellant.[4] 5 U.S.C. § 2302(a)(2)(C)(ii); *see Matthews v. U.S. Postal Service*, 93 M.S.P.R. 109, ¶ 13 (2002) (holding that Postal Service employees may not file IRA appeals because they are excluded from coverage under 5 U.S.C. § 2302(a)(2)(C)).

> *The Family and Medical Leave Act of 1993, among other authorities referenced by the appellant, is not an independent source of jurisdiction.*

On review, the appellant references numerous laws and other authorities—including laws and authorities concerning the Family and Medical Leave Act of 1993 (FMLA) and disability discrimination—and argues that the administrative judge should have considered such laws and authorities in adjudicating her appeal. PFR File, Tab 1 at 4-14. However, we agree with the administrative judge that the appellant's disability discrimination claim does not provide an independent basis of Board jurisdiction. ID at 7 n.5; *see Penna v. U.S. Postal Service*, 118 M.S.P.R. 355, ¶ 13 (2012). Likewise, the Board lacks jurisdiction to adjudicate FMLA disputes absent an otherwise appealable action. *See* 5 C.F.R. §§ 1201.1-1201.3 (identifying the subject matters over which the Board has

---

[4] We do not reach the issue of whether the appellant would be able to raise whistleblower reprisal as an affirmative defense in a chapter 75 appeal. *See generally Mack v. U.S. Postal Service*, 48 M.S.P.R. 617, 620-21 (1991) (finding that an employee of the Postal Service, which is not an agency under 5 U.S.C. § 2302(a)(2)(C), may raise a claim of whistleblower reprisal as an affirmative defense to an otherwise appealable action).

jurisdiction); *see also Lua v. U.S. Postal Service*, 87 M.S.P.R. 647, ¶ 12 (2001) (determining that no further action was required on an appellant's FMLA claim because the Board lacked jurisdiction over the underlying alleged disciplinary actions).

<u>We remand this appeal for further adjudication of the appellant's potential Veterans Employment Opportunities Act of 1998 and chapter 75 claims.</u>

    *Veterans Employment Opportunities Act of 1998.*

    In her initial appeal file, the appellant indicated that she is entitled to veterans' preference. IAF, Tab 1 at 1. In another pleading below, she also stated that she is "covered under," inter alia, the Veterans' Preference Act of 1944 (VPA). IAF, Tab 18 at 5. On review, the appellant again invokes the VPA, arguing that the administrative judge should have also adjudicated her appeal under this law, among other authorities. PFR File, Tab 1 at 4. The administrative judge did not address the appellant's claims regarding veterans' preference.

    The Board has jurisdiction over veterans' preference claims, including those arising under the VPA, to the extent allowed for under VEOA. *See Burroughs v. Department of the Army*, 116 M.S.P.R. 292, ¶ 11-12 (2011) (explaining that the VPA does not itself vest jurisdiction with the Board; rather, the Board's authority to adjudicate veterans' preference claims in general arises from VEOA). To establish Board jurisdiction over a veterans' preference appeal brought under VEOA, an appellant must (1) show that she exhausted her remedy with DOL; and (2) make nonfrivolous allegations that (i) she is a preference eligible within the meaning of the VEOA, and (ii) the agency violated her rights under a statute or regulation relating to veterans' preference.[5] 5 U.S.C. § 3330a; *Davis v. Department of Defense*, 2022 MSPB 20, ¶ 5. A VEOA claim should be

---

[5] The appellant alleges that the agency violated EO 5396. PFR File, Tab 1 at 4. EO 5396 entitles disabled veterans in the executive branch to annual leave, sick leave, or LWOP to obtain necessary medical treatment, provided that the employee gives prior notice and provides appropriate medical documentation. *Davison v. Department of Veterans Affairs*, 115 M.S.P.R. 640, ¶ 8 (2011). We express no opinion at this time as to whether violation of EO 5396 is a basis for relief under VEOA.

liberally construed and an allegation, in general terms, that an appellant's veterans' preference rights were violated is sufficient to meet the requirement of a nonfrivolous allegation establishing Board jurisdiction. *Loggins v. U.S. Postal Service*, 112 M.S.P.R. 471, ¶ 14 (2009).

Because the appellant indicated an entitlement to veterans' preference and invoked the VPA, we conclude that she was entitled to notice of how to establish the Board's jurisdiction under VEOA. We therefore remand the appeal for adjudication of this issue. *See id.*, ¶ 15 (remanding an appeal when an appellant claimed she was preference eligible, alleged that the agency violated veterans' preference laws, and completed the VEOA section of her appeal form). On remand, the administrative judge must provide the appellant with appropriate jurisdictional notice regarding her potential VEOA claim and the opportunity to submit evidence and argument to establish the Board's jurisdiction under VEOA.

*Chapter 75.*

Below and on review, the appellant asserted that she was improperly placed in an AWOL status. IAF, Tab 18 at 5; PFR File, Tab 1 at 4. She also averred below that the agency refused to "reinstate" her after she "recovered sufficiently to return to work." IAF, Tab 9 at 3. Accordingly, it appears she may have intended to allege that she was subjected to an adverse action within the Board's chapter 75 jurisdiction, such as a removal or a suspension or constructive suspension of more than 14 days. *See, e.g.*, *Abbott v. U.S. Postal Service*, 121 M.S.P.R. 294, ¶¶ 6, 10 (2014) (providing that an agency's placement of an employee on leave against her will for more than 14 days constitutes an appealable suspension); *see also Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶¶ 8, 11 (2013) (observing that when an employee is forced to absent himself because of his agency's wrongful actions, his absence may be appealable as a constructive suspension).

We observe that neither the administrative judge nor the agency apprised the appellant of how to establish the Board's jurisdiction under 5 U.S.C.

chapter 75. *See Burgess*, 758 F.2d at 643-44. The record reflects that the Board likely lacks jurisdiction over any such claims. Generally, employees of the NGA do not have chapter 75 appeal rights. *Clarke v. Department of Defense*, 102 M.S.P.R. 559, ¶ 9 (2006); *see* 5 U.S.C. § 7511(b)(8); 10 U.S.C. § 1614(2)(C). An exception exists for NGA employees who had adverse action appeal rights under chapter 75 with the NGA's predecessor agencies, the Defense Mapping Agency and National Imagery and Mapping Agency, prior to October 1996, and have continued to serve in the same position since then without a break in service. 10 U.S.C. § 1612(b); *Clarke*, 102 M.S.P.R. 559, ¶¶ 4, 9-10; *see* Department of Defense Civilian Intelligence Personnel Policy Act of 1996, Pub. L. No. 104-201, tit. XVI, subtit. B, §§ 1632, 1635, 110 Stat. 2422, 2750, 2752 (reflecting that the relevant provision preserving the appeal rights of these employees, 10 U.S.C. § 1612(b), was effective October 1, 1996).

Because the appellant served in active duty in the U.S. Air Force from 1994 to 2006, and was appointed to her current position in April 2019, it appears unlikely she has been an employee with the agency continuously since prior to 1996. IAF, Tab 1 at 8-9. Nonetheless, on remand, the administrative judge should provide the appellant with an opportunity to make nonfrivolous allegations that she has been continuously employed by the NGA and its predecessors since prior to October 1, 1996, and as to the remaining jurisdictional elements of a chapter 75 appeal. If the appellant does so, she is entitled to her requested hearing, at which she must prove jurisdiction by preponderant evidence. IAF, Tab 1 at 2; *see Thomas v. Department of the Navy*, 123 M.S.P.R. 628, ¶ 11 (2016) (observing that, in a constructive adverse action appeal, if an appellant makes a nonfrivolous allegation of fact establishing Board jurisdiction, she is entitled to a hearing at which she must prove jurisdiction by preponderant evidence).

**ORDER**

For the reasons discussed above, we remand this case to the Washington Regional Office for further adjudication in accordance with this Remand Order.

FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.