**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

**2023 MSPB 19**

Docket No. CH-3330-16-0556-I-1

**Marnie B. Golden,**

**Appellant,**

**v.**

**Department of Veterans Affairs,**

**Agency.**

July 6, 2023

Marnie B. Golden, Little Rock, Arkansas, pro se.

Jason F. Rudie, Esquire, Minneapolis, Minnesota, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## OPINION AND ORDER

¶1 The appellant has filed a petition for review of the initial decision, which dismissed her Veterans Employment Opportunities Act of 1998 (VEOA) appeal for lack of jurisdiction. For the following reasons, we AFFIRM the initial decision AS MODIFIED by this Opinion and Order, still dismissing the appeal for lack of jurisdiction.

## BACKGROUND

¶2 The appellant filed a VEOA complaint with the Department of Labor (DOL) concerning a nonselection for a Housekeeping Aide position at the Department of Veterans Affairs (DVA or agency). Initial Appeal File (IAF), Tab 1 at 2, 6, 39.

On August 9, 2016, DOL issued a letter informing the appellant that it was closing its case because it had determined that she failed to meet the eligibility requirements for veterans' preference under 5 U.S.C. § 2108. *Id.* at 23. This appeal timely followed.[1] *Id.* at 1.

¶3 In response to the acknowledgment order, the agency argued that the appellant was not entitled to veterans' preference under 5 U.S.C. § 2108 because she was separated under "uncharacterized" conditions and that, as a consequence, it did not violate her veterans' preference rights. IAF, Tab 10 at 5-6. Without holding the requested hearing, the administrative judge dismissed the appeal for lack of jurisdiction. IAF, Tab 15, Initial Decision (ID). She found that the appellant failed to make a nonfrivolous allegation that she was a preference eligible under 5 U.S.C. § 2108. *Id.*

¶4 In her petition for review, the appellant reiterates the arguments she set forth below, asserting that she is a preference eligible due to her receipt of disability benefits from the agency. Petition for Review (PFR) File, Tab 1 at 2-3. She also provides further details regarding her discharge from the military. *Id.* The agency did not respond. The appellant attempted to file two subsequent pleadings but, because she failed to file the required motions explaining the nature and need for the additional pleadings, we have not considered them. PFR File, Tabs 3-4; *see* 5 C.F.R. § 1201.114.

## ANALYSIS

¶5 The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The appellant bears the

---

[1] The appellant filed her Board appeal identifying DOL as the respondent agency. IAF, Tab 1 at 2. However, because the appellant alleged that DVA failed to select her for a position, the administrative judge identified DVA as the respondent agency. IAF, Tab 5.

burden of proving Board jurisdiction by a preponderance of the evidence. 5 C.F.R. § 1201.56(b)(2)(i). To establish Board jurisdiction over her VEOA claim, the appellant must show that she exhausted her administrative remedy with DOL and make nonfrivolous allegations of the following: (1) she is a preference eligible within the meaning of VEOA; and (2) the agency violated her rights under a statute or regulation relating to veterans' preference.[2] *Davis v. Department of Defense*, 2022 MSPB 20, ¶ 5 n.1; *see* 5 U.S.C. § 3330a(a)(1)(A). For purposes of Title 5 of the U.S. Code, "preference eligible" means, among other things, a "disabled veteran." 5 U.S.C. § 2108(3)(C). A "disabled veteran," in turn, "means an individual who has served on active duty in the armed forces," "has been separated therefrom under honorable conditions,"[3] and "has established the present existence of a service-connected disability or is receiving compensation, disability retirement benefits, or pension because of a public statute administered by the Department of Veterans Affairs or a military department . . ." 5 U.S.C. § 2108(2). The Office of Personnel Management has promulgated regulations further defining the above terms for purposes of preference in Federal employment. 5 C.F.R. § 211.102. That regulation indicates that "[t]he Department of Defense is responsible for administering and defining military discharges." 5 C.F.R. § 211.102(g).

¶6    We agree with the administrative judge that the appellant failed to nonfrivolously allege that she is a preference eligible within the meaning of VEOA. ID at 3-5. As set forth above, for a disabled veteran—like the

---

[2] The administrative judge found it undisputed that the appellant exhausted her remedy with DOL. ID at 3.

[3] The statute sets forth an exception to this requirement under 5 U.S.C. § 2108a, which applies when a certification is submitted indicating that the individual is expected to be separated from active duty in the armed forces under honorable conditions no later than 120 days after the submission of the certification. There is no indication that this exception applies under the facts of this case.

appellant—to be considered a preference eligible, she must have been separated under honorable conditions. ID at 4; *see* 5 U.S.C. § 2108(2); 5 C.F.R. § 211.102(b). The appellant's DD Form 214 (DD-214) Certificate of Release or Discharge from Active Duty, shows that she served on active duty for 95 days, from November 9, 2004, to February 11, 2005, and reflects the character of the appellant's service as "uncharacterized." IAF, Tab 1 at 15. The appellant identifies nothing on review to indicate that the classification of the character of her service has changed.[4]

¶7        The appellant's DD-214 cites Army Regulation (AR) 635-200, Active Duty Enlisted Administrative Separations, chapter 11, as the authority for her separation,[5] and describes the reason for her separation as "entry level." IAF, Tab 1 at 15. Chapter 3 of AR 635-200 describes the four types of characterization of service or description of separation that are authorized. The first is "[s]eparation with characterization of service as honorable, general (under honorable conditions), or under other than honorable conditions." The second is "[e]ntry level status," and provides that such "[s]ervice will be uncharacterized, and so indicated in block 24 of DD Form 214, except as provided in paragraph 3-9a." Thus, AR 635-200 from the start treats honorable and under honorable condition characterizations of service or descriptions of separation as distinct from "uncharacterized" descriptions. Chapter 3-9a provides for several

---

[4] The record indicates that the appellant has attempted and failed before the Board for Correction of Military Records to have her Department of Army records altered. IAF, Tab 1 at 42. Although she similarly has requested that the Board correct her records, PFR File, Tab 1 at 3, we are unaware of, and she has not provided, any authority under which we may do so.

[5] AR 635-200, Active Duty Enlisted Administrative Separations (June 28, 2021), https://armypubs.army.mil/epubs/DR_pubs/DR_a/ARN30496-AR_635-200-000-WEB-1.pdf (last visited July 5, 2023). We take official notice of AR 635-200, which is readily available to the public. *See Francis v. Department of the Air Force*, 120 M.S.P.R. 138, ¶ 20 n.10 (2013).

exceptions to an entry-level separation with service uncharacterized for soldiers whose processing is initiated while in entry-level status, but there is no indication that the Department of the Army made such a determination in the appellant's case. Chapter 11 is entitled Entry Level Performance and Conduct, and lists several reasons for separation under this authority. It specifies that this reason for separation applies to soldiers who are in an entry-level status and, before the date of the initiation of separation action, have completed no more than 180 days of creditable continuous active duty, as did the appellant when the agency discharged her. Chapter 10-8 of AR 635-200 provides that, "[w]hen characterization of service under other than honorable conditions is not warranted for a Soldier in entry-level status, service will be uncharacterized." Thus, although an "uncharacterized" discharge is not necessarily one that occurred under other than honorable conditions, and we make no such characterization of the appellant's service here, it is clear that a designation of "uncharacterized" does not indicate that the discharge at issue was under honorable conditions for the purpose of veterans' preference statutes and regulations.[6] Accordingly, we find that the appellant has not met her burden on jurisdiction and that the administrative judge properly dismissed the appeal for lack of jurisdiction.

¶8 The appellant provides numerous documents with her petition for review, some of which she submitted in her appeal below and all of which appear to be dated before the close of the record below. PFR File, Tab 1 at 5-39. Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable

[6] In *Ferguson v. Office of Personnel Management*, 100 M.S.P.R. 347, ¶ 10 (2005), a case involving a negative suitability determination, the Board stated that "the appellant received an uncharacterized (i.e., less than honorable) discharge from the United States Army because he did not demonstrate self-discipline, the ability to work as a team member, and other solidierly qualities." We hereby clarify that the statement in *Ferguson* applied only to the facts of that case, and does not suggest that every uncharacterized discharge from the U.S. Army is necessarily "less than honorable."

before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). The appellant makes no such showing, and in any event, the documents she submits on review do not show that she is a preference eligible under 5 U.S.C. § 2108, and therefore, they do not aid her in meeting her burden to establish jurisdiction over her VEOA claim. PFR File, Tab 1 at 5-39. Accordingly, we find that the administrative judge properly dismissed the appeal for lack of jurisdiction.

## ORDER

¶9      This is the final decision of the Merit Systems Protection Board in this appeal. Title 5 of the Code of Federal Regulations, section 1201.113 (5 C.F.R. § 1201.113).

## NOTICE OF APPEAL RIGHTS[7]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[7] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.   5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.   *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[8]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[8] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

/s/
_____
Jennifer Everling
Acting Clerk of the Board
Washington, D.C.