## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

EULANDO HAYES,

Appellant,

v.

NATIONAL AERONAUTICS AND
SPACE ADMINISTRATION,

Agency.

DOCKET NUMBER
AT-3330-25-0005-I-1

DATE: June 24, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Eulando Hayes, Marietta, Georgia, pro se.

Griffin Farris, Esquire, and James C. McGlinchy, Esquire,
Washington, D.C., for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant and the agency have each filed a petition for review of the initial decision, which denied the appellant's request for corrective action under the Veterans Employment Opportunities Act of 1998 (VEOA). For the reasons discussed below, we DENY the appellant's petition for review and GRANT the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

agency's petition for review. Except as expressly MODIFIED by this Final Order to find that the appellant did not establish that he was a preference eligible, we AFFIRM the initial decision.

On review, the agency contends that, contrary to the initial decision, the appellant has not shown that he was a preference eligible. We agree. As relevant here, the definition of a "preference eligible" includes a "disabled veteran." 5 U.S.C. § 2108(3)(C). A "disabled veteran" is in turn defined as "an individual who has served on active duty in the armed forces, . . . *has been separated therefrom under honorable conditions*, and has established the present existence of a service-connected disability or is receiving compensation . . . ." 5 U.S.C. § 2108(2) (emphasis added). The Office of Personnel Management has promulgated regulations further defining the above terms for purposes of preference in Federal employment. 5 C.F.R. § 211.102(g). That regulation indicates that "[t]he Department of Defense is responsible for administering and defining military discharges." 5 C.F.R. § 211.102(g); *see Golden v. Department of Veterans Affairs*, 2023 MSPB 19, ¶ 6.

Here, the appellant's DD Form 214 Certificate of Release or Discharge from Active Duty shows that he served on active duty from February 18, 2003, to July 10, 2003, and reflects the character of the appellant's service as "uncharacterized." Initial Appeal File, Tab 9 at 10. Although an "uncharacterized" discharge is not necessarily one that occurred under other than honorable conditions, and we make no such characterization of the appellant's service here, a designation of "uncharacterized" does not indicate that the discharge at issue was under honorable conditions for the purpose of veterans' preference statutes and regulations. *See Golden*, 2023 MSPB 19, ¶ 7. While we are mindful that the appellant's documentation from the Department of Veterans Affairs reflects a discharge under honorable conditions, we defer to the

determination of the Department of Defense, which, as noted above, is responsible for administering and defining military discharges.[2]

Moreover, even if we were to find that the appellant was preference eligible, it is undisputed that he was already employed in the Federal service at the time he applied for the position at issue. Accordingly, we affirm the administrative judge's finding the appellant is not entitled to relief under VEOA. *See Kerner v. Department of the Interior*, 778 F.3d 1336, 1339 (Fed. Cir. 2015) ("The legislative history of the VEOA confirms that Congress did not intend for [5 U.S.C.] § 3304 to apply when a veteran or other preference-eligible applicant is already employed in the [F]ederal civil service.").

## NOTICE OF APPEAL RIGHTS[3]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule

---

[2] Under 38 C.F.R. § 3.12(*l*)(1), the Department of Veterans Affairs classifies "uncharacterized" separations as other than dishonorable when such a separation is an entry level separation. This, however, is for Department of Veterans Affairs purposes only and does not change the service characterization of "uncharacterized" provided by the Department of Defense. According to the Department of Defense, "uncharacterized" is one of several possible service characterizations. *See* Department of Defense Instruction (DoDI) No. 1332.14, *Enlisted Administrative Separations*, para. 4.3 (Aug. 1, 2024), *available at* https://www.esd.whs.mil/Portals/54/Documents/DD /issuances/dodi/133214p.pdf; DoDI No. 1336.01, *Certificate of Uniformed Service (DD Form 214/5 Series)*, Table 1(26) (Feb. 17, 2022), *available at* https://www.esd.whs.mil/ Portals/54/Documents/DD/issuances/dodi/133601p.pdf.

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:            _____
                         Gina K. Grippando
                         Clerk of the Board

Washington, D.C.